# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| | ) | **DOCKET NO. 3:24-cr-180** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| **VS.** | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **RETURN OF PROPERTY** |
| **RUSTY JOSEPH WHITTAKER** | ) | |
| | ) | |
| | ) | |

The United States of America hereby responds to Defendant's motion for return of property, respectfully requesting this Court deny the motion in full. Defendant seeks the return of nine items of property that were seized from his residence in Austin, Texas. As discussed below, the government's need for the property as evidence and investigative purposes continues.[1]

"A Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)).

Here, Defendant seeks the return of nine items of property that were seized from his residence in Austin, Texas. Five of the items are evidence ("Evidence Items"), regardless of whether those items were introduced at trial. The government's efforts to streamline the trial and

---

[1] With the Defendant's consent, the government is submitting this response on July 3, 2026, four days after the seven-day deadline for responses. *See* LCrR 47.1(e) ("responses to motions, if any, must be filed within seven (7) days of the date on which the motion is served"); Doc. 178 at 5 ("The defense consents to an extension to July 3 for the government to file a response.").

present sufficient, but not more than necessary, evidence to prove certain facts does not eliminate the evidentiary character of items of evidence. Moreover, should this case be remanded for a new trial, the government may admit any of these pieces of evidence.

Four of the items of evidence were inaccessible with the technology available to law enforcement at this time and are being held for investigative purposes ("Investigative Items"). These items were properly seized pursuant to a search warrant that the Defendant unsuccessfully challenged. These items are still under investigation and could be accessed in the future as technology develops. Until they are accessed, these items remain in the government's possession for investigative purposes. Indeed, even if it agreed to return any of the Investigative Items, the government would not be able to do that without wiping them clean because the government cannot return items in a case involving child exploitation that could contain child pornography.

A more detailed description of the Evidence Items and the Investigative Items follows.

**A.  Evidence Items**

The first of the five Evidence Items is Item 3, a grey Woop. This is a device that is worn on the wrist. The grey Woop can be seen in surveillance footage on Defendant's wrist at the time he checked into the hotel. It is attribution evidence that proves that the Defendant was, in fact, the person depicted in the surveillance footage.

The second of the Evidence Items is Item 5, a Black iPhone, IMEI 013430007960861. This phone contains attribution evidence that is relevant to the case. For example, the Apple account, Rusty1717@yahoo.com, is found in the device. This is attribution evidence to show that Defendant was the user of the Snapchat account, "rusty_1717," who communicated with the minor and requested pictures of the minor's genitals and coordinated the meetup that ultimately led to the Defendant having sex with the minor in a hotel.

2

The third of the Evidence Items is Item 6, a Silver iPhone, model Al524, IMEI 359240068126639. Like Item 5, this phone also contains the Apple account, rusty1717@yahoo.com, which is attribution evidence to show that Defendant was the user of the Snapchat account, "rusty_1717," who communicated with the minor and requested pictures of the minor's genitals and coordinated the meetup that ultimately led to the Defendant having sex with the minor in a hotel.

The fourth of the Evidence Items is Item 11, a Surface tablet, 128 GB, ID: 059778645153. This item also had the same email address, "rusty1717@yahoo.com," and serves to prove that Defendant was the person communicating with the minor on Snapchat. Additionally, the internet history on this device showed that the user saw videos titled, "Amateur teen masturbates using toothbrush" and "'young teen omegle' search – xvideos.com." The government knows Omegle to be a website that was used by people interested in chatting with minors and obtaining child exploitation material. It operated very much like Antiland, the app that Defendant used to meet the minor. Omegle, like Antiland, paired users at random so that the users could meet and talk. Teenagers used Omegle, and predators like Defendant would often use Omegle to meet teenagers. Omegle has since been shut down and is no longer in use.

The fifth of the Evidence Items is Item 12, a White Apple iPhone Model: Al 784. This item of evidence also had the same email address, "rusty1717@yahoo.com," and serves to prove that Defendant was the person communicating with the minor on Snapchat. The forensic analysis further showed that Defendant conducted two relevant searches. First, he searched "delete apple id" on March 30, 2023, and April 12, 2023. Second, he searched "temporarily disable apple id" on March 30, 2023. Defendant met the minor on Antiland sometime around the end of March 2023. These searches are evidence of consciousness of guilt that shows Defendant

3

was trying to delete or disable his Apple ID, which was rusty1717@yahoo.com, from his devices at the same time he first met the minor so that he could retain more anonymity in his communications.

B. **Investigative Items**

With regard to the Investigative Items, the first of the Investigative Items is Item 4, a Dell XPS Laptop ST: 6X35693, EX: 15061358055 with charger. This item was encrypted with bitlocker, which is inaccessible with current technology. Without a password, this item could not be processed for further review.

The second of the Investigative Items is Item 7, a White iPad, serial DMPHC2XWDVD2. This item was not supported by current technology. Without a password, this item could not be processed for further review.

The third of the Investigative Items is Item 8, a White iPhone, cracked screen Model: A1349, FCCTD: BCG-E2422B. This item was not able to be recognized during the extraction process. Without a password, this item could not be processed for further review.

The fourth of the Investigative Items is Item 9, a Gateway Laptop SN: T3566Xl013509. At the time of the extraction, the hard drive was not functioning or recognized by FTK imager (the device that performs the extraction). Without a password, this item could not be processed for further review.

Defendant argues that he desires these devices, though he does not specify which ones, so that he can prepare his taxes. These devices are, and have always been, available for review at the FBI. Indeed, Defendant's counsel has visited numerous times to review the devices and extract data for their own trial preparation and trial exhibits. After trial, the defense team has not made any request to review any device.

4

For the reasons stated above, Defendant's motion should be denied.

Respectfully submitted July 3, 2026.

**RUSS FERGUSON**
**UNITED STATES ATTORNEY**

*s/ Daniel Cervantes*
Assistant United States Attorney
FL Bar Number: 40836
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.338.3115
Fax: 704.227.0197
E-mail: daniel.cervantes@usdoj.gov

5

# **CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the

Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation

of this document, with the exception of such artificial intelligence embedded in the standard on-

line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has

been checked by an attorney in this case and/or a paralegal working at his/her direction as to the

accuracy of the proposition for which it is offered, and the citation to authority provided.

This the July 3, 2026.


 */s/ Daniel Cervantes*
Assistant United States Attorney